Arce v. Turnbull

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of December, two thousand twenty-one.

PRESENT:
>            GUIDO CALABRESI,
>            DENNY CHIN,
>            WILLIAM J. NARDINI,
>                 *Circuit Judges.*

---

Armando Arce, Sr.,

>            *Plaintiff-Appellant*,

>      v.                                                          21-642

David L. Turnbull, individually and in his official capacity, Chautauqua County Family Court, Official capacity, Michael K. Bobseine, Official capacity, Michael Sullivan, Official capacity, Michael F. Griffith, Individual and Official capacity, 8th Judicial District, Official capacity, Chautauqua County, Official capacity,

>            *Defendants-Appellees.**

---

FOR PLAINTIFF-APPELLANT:   ARMANDO ARCE, SR., pro se, Crestview, FL.

FOR DEFENDANTS-APPELLEES David Turnbull, Chautauqua County Family Court,

---

* The Clerk of Court is directed to amend the caption as set forth above.

Michael K. Bobseine, Michael Sullivan, Michael F. Griffith, and 8th Judicial District: Barbara D. Underwood, Solicitor General; Victor Paladino, Senior Assistant Solicitor General; and Laura Etlinger, Assistant Solicitor General of Counsel, for Letitia James, Attorney General of the State of New York, Albany, NY

**FOR DEFENDANT-APPELLEE** Chautauqua County: Kevin G. Cope and Michael P. McClaren, Webster Szanyi LLP, Buffalo, NY

Appeal from an order of the United States District Court for the Western District of New York (Vilardo, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Armando Arce, Sr., proceeding pro se, appeals from an order of the district court entered on March 11, 2021, denying his motion for relief from judgment under Fed. R. Civ. P. 60(b)(4). Arce sued several Chautauqua Family Court support magistrates and judges, the Chautauqua Family Court, the 8th Judicial District of the New York State Unified Court System, and Chautauqua County, asserting claims under 42 U.S.C. § 1983 arising from state court child support rulings. The defendants moved to dismiss the complaint. The district court granted their motions, entering judgment against Arce on September 18, 2019. Arce filed an appeal, which this Court dismissed as lacking an arguable basis in law or fact. Arce subsequently filed a series of motions for relief from judgment under Fed. R. Civ. P. 60, two of which were the subject of prior appeals, which we also dismissed because they lacked an arguable basis in law or fact. Arce now appeals from the denial of his third motion for relief from judgment, this time under Rule 60(b)(4).

Arce argues that the district court did not have jurisdiction to determine whether the judicial defendants were entitled to absolute judicial immunity and that the Family Court support magistrates acted without jurisdiction. We assume the reader's familiarity with the record.

This Court reviews *de novo* the denial of a motion under Rule 60(b)(4). *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 298 (2d Cir. 2005). "Rule 60(b)(4) applies only in two situations: where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Sec. & Exch. Comm'n v. Romeril*, 15 F.4th 166, 171 (2d Cir. 2021) (internal quotation marks omitted). "Federal courts considering Rule 60(b)(4) motions that assert a judgment is void because of a jurisdictional defect generally have reserved relief only for the exceptional case in which the court that rendered judgment lacked even an arguable basis for jurisdiction." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010) (internal quotation marks omitted). A judgment is not void "simply because it is or may have been erroneous." *Id.* at 270 (internal quotation marks omitted).

We affirm for substantially the reasons stated by the district court in its order entered March 11, 2021. The district court plainly had subject matter jurisdiction over Arce's original complaint under 42 U.S.C. § 1983 pursuant to 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United

States."). The court did not exceed its authority in determining that the judicial officers named in Arce's complaint were entitled to absolute immunity. *See Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009); *Butz v. Economou*, 438 U.S. 478, 512–513 (1978). Nor does Arce provide any basis to conclude that the district court "acted in a manner inconsistent with due process of law." *In re Texlon Corp.*, 596 F.2d 1092, 1099 (2d Cir. 1979).

We have fully considered all of Arce's submissions, including his supplement that was filed after oral argument, and find that the remainder of his arguments are without merit. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3